# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ERIC DOUGLAS CLARK,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RAY EPPS, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00014-DAK-JCB<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] As shown below, Plaintiff Eric Douglas Clark ("Mr. Clark") has failed to prosecute this case, and, therefore, the court recommends that this case be dismissed without prejudice.

Mr. Clark filed his complaint in this case on January 5, 2024.[2] Under Fed. R. Civ. P. 4(m), service of a summons and complaint must be completed no later than 90 days after the complaint is filed. After Mr. Clark failed to file proof of service under Fed. R. Civ. P. 4(*l*) to demonstrate that a summons and the complaint had been served on Defendants in a timely manner, the court issued an Order to Show Cause on May 14, 2024.[3] That order required Mr.

---

[1] ECF No. 6.

[2] ECF No. 1.

[3] ECF No. 7.

Clark to show cause why this case should not be dismissed for lack of prosecution.[4] Mr. Clark was ordered to file a response to the Order to Show Cause on or before May 28, 2024, to inform the court of the status of this case and his intentions to proceed. Mr. Clark was warned that failure to file a timely response to the Order to Show Cause could result in dismissal of this case.[5] As of the date of this Report and Recommendation, Mr. Clark's deadline to respond to the Order to Show Cause has expired, and he has not filed any response.

Given that history, this case should be dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b) and the court's inherent authority. Fed. R. Civ. P. 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[6] Additionally, courts have the authority, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."[7] A court's authority "to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[8]

---

[4] DUCivR 41-2 ("At any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution.").

[5] *Id.* ("If the party does not show good cause, a district judge or a magistrate judge presiding by consent may enter an order of dismissal. The dismissal may be with or without prejudice, as the court deems proper.").

[6] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

[7] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

[8] *Id.* at 630-31.

Mr. Clark failed to file either proof of service to demonstrate that a summons and the complaint had been served on Defendants in a timely manner or a timely response to the court's Order to Show Cause. Consequently, the court HEREBY RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute under Fed. R. Civ. P. 41(b) and the court's inherent authority.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[9] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[10] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of July 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[9] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[10] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).